## VERNON et al. v. GOOGE.
### No. 681.

Court of Civil Appeals of Texas. Eastland.
March 28, 1930.

J. T. Ranspot, of Mineral Wells, for appellants.

O. M. Herring, of Palo Pinto, and F. O. McKinsey, of Weatherford, for appellee.

HICKMAN, C. J.

The appeal is from an order of the district judge granting a temporary injunction. The petition of appellee is in the nature of a bill of review seeking to open up and vacate a certain judgment rendered against him in the district court of Palo Pinto county in a cause wherein M. G. Vernon, as administrator of the estate of Mrs. S. A. Pierce, deceased, and P. P. Pierce, were plaintiffs. In the original suit judgment was rendered against Googe on several promissory notes with a foreclosure of an alleged vendor's lien to secure the payment thereof. An order of sale had been issued prior to the filing of the petition in the instant case, and the property had been advertised by the sheriff for sale in obedience thereto. Ancillary to his suit to vacate the original judgment, appellee sought and procured a temporary injunction restraining the sale of the real estate foreclosed upon in the original suit pending a determination of the case on its merits. No motion to dissolve the temporary injunction was made, but the appeal is directly from the order granting the writ. There is therefore no statement of facts in the record, and the only question before us involves the sufficiency of the allegations of the petition as the basis for granting the writ. Since the case is yet to be determined upon its merits, we deem it improper to enter into any detailed discussion of the issues involved. We think it sufficient to state that a meritorious defense was alleged to at least some of the notes involved in the original suit. The allegations appear to be sufficient to show a meritorious defense to all the notes, if such allegations are established by the evidence upon trial, but unquestionably they are sufficient to set up a meritorious defense to some of the notes.

The allegations of fact in the petition are insufficient to show that the original judgment was procured by fraud or mistake. The only question presented is whether the allegations present a prima facie case of accident unmixed with the appellee's negligence. Upon this question the petition alleges, in substance, that appellee was employed by the United States government; that, after he was served with citation in the original cause, he employed Sam Sayers, an attorney of Fort Worth, to represent him; that his attorney filed a formal answer for him; that thereafter he (appellee) was transferred to the state of California, where he was constantly employed in services for the government; that, before leaving for California, he left with his said attorney his correct mailing address in that state; that the attorney agreed to notify him of the setting of the case when it was reached at the succeeding term of court, one term having passed without the trial of said case before appellee went to California; that his said attorney wrote a letter to him, notifying him when said case was set for trial; that the letter was properly addressed to him, but was never deliv-

cred; and that he never knew the case had been tried and judgment rendered against him until he received the sheriff's notice of sale. The judge issuing the temporary injunction was of the opinion that these facts authorized the issuance of the writ. We cannot say, as a matter of law, that he abused the discretion vested in him in so determining. No other question is before us for decision.

Affirmed.